IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CARLTON and LINDA WITHERSPOON                                          PLAINTIFFS

V.                                               CIVIL ACTION NO. 1:16-CV-00198-NBB-DAS

LIBERTY MUTUAL INSURANCE CORPORATION                                    DEFENDANT

ORDER

This cause comes before the court upon the defendant's motion to dismiss for failure to substitute legal representative of deceased party or, in the alternative, to dismiss for failure to join a necessary and indispensable party.

Plaintiffs Carlton and Linda Witherspoon filed the instant suit on November 11, 2016, asserting various claims related to Defendant Liberty Mutual's alleged improper failure and refusal to pay plaintiffs pursuant to the terms of the homeowner's insurance policy at issue. On January 29, 2017, Plaintiff Linda Witherspoon passed away. Liberty Mutual filed a Suggestion of Death on March 21, 2017 and now moves for a dismissal of Linda's claims with prejudice.

Rule 25(a)(1) provides:

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed.

Fed. R. Civ. P. 25(a)(1) (emphasis added). The parties do not dispute that dismissal of Linda's claims is required. Rather, the parties dispute whether the dismissal should be with or without prejudice.

After consideration, the court finds that Linda's claims should be dismissed without prejudice. Courts within this circuit and elsewhere have found dismissal without prejudice to be

proper.  *See Lewis v. Flowers*, 2016 WL 7265046, at * 3 (S.D. Miss. Dec. 15, 2016); *Rowland v. GGNSC Ripley, LLC*, 2016 WL 4136486, at *5 (N.D. Miss. Aug. 8, 2016); *Sydow v. Weyerhaeuser Co.*, 2015 WL 6962698, at * 1 (W.D. Wis. Nov. 10, 2015); *Bryant v. Marquart*, 2015 WL 786955, at *6 (S.D. Miss. Feb. 25, 2015).  Moreover, the Fifth Circuit has affirmed a Rule 25 dismissal without prejudice.  *See Broderick-Home v. United States*, 544 F. App'x 479, 480 (5th Cir. 2013).  Further, a dismissal with prejudice "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985).

Liberty Mutual moves, in the alternative, for dismissal pursuant to Rule 12(b)(7) for the plaintiffs' alleged failure to join Linda's estate, as a necessary and indispensable party under Rule 19.  The court finds this motion to be moot as the text of Rule 25(a) mandates dismissal of the deceased party's claims.  Additionally, the court notes that no joinder of Linda's estate would be possible because, to date, no estate for Linda has been opened.

For these reasons, the court finds that the defendant's motion to dismiss for failure to substitute legal representative of deceased party is well-taken and is, therefore, **GRANTED**. Accordingly, the defendant's motion to dismiss for failure to join a party is **DENIED as moot**. Plaintiff Linda Witherspoon's claims are hereby **DISMISSED without prejudice.**

SO ORDERED AND ADJUDGED this, the 21st day of November, 2017.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**