IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CARLTON WITHERSPOON                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 1:16-CV-00198-NBB-DAS

LIBERTY MUTUAL INSURANCE CORPORATION                                      DEFENDANT

## ORDER

This cause comes before the court upon the defendant's motion to reconsider. Upon due consideration of the motion and applicable authority, the court finds as follows:

Plaintiffs Carlton and Linda Witherspoon filed the instant suit on November 11, 2016, asserting various claims arising out of a homeowner's insurance policy issued by Defendant Liberty Mutual. On January 29, 2017, Plaintiff Linda Witherspoon passed away. Liberty Mutual filed a Suggestion of Death on March 21, 2017.

Liberty Mutual subsequently moved to dismiss Linda's claims with prejudice pursuant to Rule 25(a)(1), or in the alternative, to dismiss pursuant to Rule 12(b)(7) for the plaintiffs' failure to join a necessary and indispensable party under Rule 19. Despite the fact that no estate for Linda has been opened, Liberty Mutual insisted that the plaintiffs' failure to join Linda's non-existent estate warranted dismissal of the action entirely.

On November 21, 2017, the court entered an order granting Liberty Mutual's motion to dismiss Linda's claims under Rule 25(a)(1) without prejudice while denying the Rule 12(b)(7) motion to dismiss. In its order, the court specifically found that "no joinder of Linda's estate would be possible because, to date, no estate for Linda has been opened." Liberty Mutual now moves for reconsideration under Rule 59(e), and argues that the court erred in denying its motion to dismiss for failure to join a necessary and indispensable party.

A district court may alter or amend a final judgment under Rule 59(e) upon one of four grounds: "(1) new evidence has become available; (2) it is necessary to correct manifest errors of law or fact upon which the judgment is based; (3) it is necessary to prevent manifest injustice; or (4) the existence of an intervening change in the controlling law." *Johnson v. Buentello*, 2010 WL 727752, at *1 (N.D. Tex. Mar. 2, 2010)(citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). "A party may not use a Rule 59(e) motion to relitigate issues that 'should have been urged earlier or that simply have been resolved to the movant's dissatisfaction.'" *Id.* (quoting *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at *2 (E.D. La. Jun. 5, 2002)).

Rule 19, which Liberty Mutual again contends requires the joinder of Linda's estate, applies only to "a person who is subject to service of process . . . ." Fed. R. Civ. P. 19(a)(1). The circumstances have not changed since the court's previous order. No estate for Linda has been opened. Thus, there exists no "person who is subject to service of process" that can be joined at this time.

Liberty Mutual again fails to cite any authority supporting its argument that dismissal of an entire action for a plaintiff's failure to join a non-existent party is either permitted or required. For these reasons, the court finds that Liberty Mutual's motion for reconsideration of the court's order denying its Rule 12(b)(7) motion to dismiss is not well-taken and is, therefore, **DENIED**.

**SO ORDERED AND ADJUDGED** this, the 5th day of February, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**